IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DEPUY SYNTHES PRODUCTS, INC.** § <br> **and DEPUY SYNTHES SALES, INC.,** § <br> § <br> Plaintiffs, § <br> v. §    **Civil Case No. 4:19-cv-3270** <br> § <br> **VETERINARY ORTHOPEDIC** § <br> **IMPLANTS, INC.,** § <br> § <br> Defendant. § | |

### DR. BRIAN BEALE'S MOTION TO QUASH OR MODIFY SUBPOENA SERVED BY DEPUY SYNTHES PRODUCTS, INC. AND DEPUY SYNTHES SALES, INC. AND MOTION FOR PROTECTIVE ORDER

**TO THE UNITED STATES DISTRICT COURT:**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Non-Party Brian Beale, DVM ("Dr. Beale") moves to quash or modify the Subpoena to Testify at a Deposition in a Civil Action served by Plaintiffs DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc. ("Plaintiffs").

**I.    INTRODUCTION AND GROUNDS FOR RELIEF**

On August 19, 2019, Plaintiffs served a Subpoena to Testify at a Deposition in a Civil Action on Dr. Beale (the "Subpoena"), a non-party to the underlying litigation pending in the United States District Court for the Middle District of Florida, Jacksonville Division, Case No. 3:18-cv-01342-HES-PDB (the "Litigation"). A copy of the Subpoena is attached hereto as **Exhibit "A."** Although it was not served until August 19, 2019, the Subpoena purports to require Dr. Beale to appear and testify at a deposition *eleven days later* on August 30, 2019. However, the Subpoena is defective because it fails to provide adequate notice of the deposition

1

to Dr. Beale and a reasonable time to comply. Additionally, Dr. Beale is unavailable on the noticed date of the deposition, as he is in Ireland teaching a course and on vacation with his family.

On August 21, 2019, two days after the Subpoena was served, counsel for Dr. Beale contacted Plaintiffs' counsel and advised that Dr. Beale was unavailable for deposition on the noticed date as he would be overseas. A copy of the emails between counsel for Dr. Beale and Plaintiffs' counsel are attached hereto as **Composite Exhibit "B."** Counsel for Dr. Beale also advised that a list of available dates for the deposition in September and/or October would be provided. *See* Ex. B (8/21/19 email from A. Endersby to A. Krause et al). Plaintiffs' counsel immediately responded and refused to withdraw the Subpoena unless and until there was "a firm date confirmed" for the deposition in September. *See* Ex. B (8/21/19 email from J. Sheasby to A. Endersby).

On August 26, 2019, counsel for Dr. Beale proposed three available dates for the deposition (September 19, 2019, September 20, 2019, and October 11, 2019) and requested that Plaintiffs' counsel re-notice Dr. Beale's deposition for one of these dates. *See* Ex. B (8/26/19 email from A. Endersby to J. Sheasby et al). Plaintiffs' counsel initially agreed to re-notice the deposition for September 19, 2019 (*see* Ex. B (8/27/19 email from A. Krause to A. Endersby)), but moments later, conditioned the withdrawal of the Subpoena on receiving Dr. Beale's document production in advance of the deposition. *See* Ex. B (8/27/19 email from J. Sheasby to A. Krause). And on August 27, 2019, counsel for Dr. Beale indicated that they had reached out to Dr. Beale to try to confirm that he was still available for a deposition on September 19, 2019 and requested that Plaintiffs withdraw the existing Subpoena. *See* Ex. B (8/27/19 email from A. Endersby to A. Krause et al). As of the time of this filing, Plaintiffs' counsel has not responded

2

to this request. Despite Dr. Beale's counsel's requests, Plaintiffs have failed to withdraw or confirm that they will withdraw the Subpoena, thereby necessitating the filing of this Motion in light of the rapidly approaching deposition.

Moreover, Dr. Beale has identified hundreds of documents and over a gigabyte of data that his counsel will need to review to accommodate Plaintiff's request to provide documents in advance of this deposition. Dr. Beale cannot, at this point in time, confirm, particularly given the difficulty of operating from overseas, that he can accommodate the request to provide all responsive documents in advance of September 19, 2019. Further, Plaintiff's refusal or failure to confirm withdrawal of the subpoena without the condition of producing documents by a date that cannot at this point be confirmed has forced Dr. Beale to the brink of the date noticed for the deposition with no clear commitment by Plaintiff to withdraw or modify the subpoena on terms that are mutually agreeable to Plaintiff and Dr. Beale and the Defendant in the underlying action. Accordingly, Dr. Beale respectfully requests that this Court quash or modify the Subpoena, or alternatively, enter a protective order to prohibit the deposition from proceeding on the noticed date.

## II.   ARGUMENT

Pursuant to Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, a court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; … or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3); *see Garcia v. Biolustré, Inc.*, SA-12-CA-557-H, 2013 WL 12129934, at *2 (W.D. Tex. Apr. 5, 2013) (quashing subpoena for deposition that failed to provide adequate notice to the deponent); *see Parra v. State Farm Lloyds*, 7:14-CV-691, 2015 WL 12940023, at *2 (S.D. Tex. Jan. 13, 2015) ("Based on Rule 45 the Court must quash the subpoena since it does not allow Defendant a 'reasonable time' to comply with the request.").

3

Additionally, Rule 26(c)(1) provides that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: … (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; …" Fed. R. Civ. P. 26(c).

Furthermore, the local rules of the Court where the Litigation is pending and from which the Subpoena was issued require a party to provide **at least fourteen days' notice** of a deposition to a deponent. *See* M.D. Fla. L.R. 3.02 ("Unless otherwise stipulated by all interested parties pursuant to Rule 29, Fed. R. Civ. P., and excepting the circumstances governed by Rule 30(a), Fed. R. Civ. P., a party desiring to take the deposition of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party)."). Indeed, the issuing Court's discovery handbook provides as follows:

> An attorney is expected to accommodate the schedules of opposing counsel. In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice. If this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling. … Additionally, Local Rule 3.02 requires the party noticing the deposition to give ***a minimum of fourteen days' written notice to every other party and the deponent***, absent agreement or an order based upon some exigent circumstance. And ***giving substantially more than fourteen days notice is strongly encouraged***.

Middle District Discovery (2015) at 6 (emphasis added); *see also* Fed. R. Civ. P. 32(a)(5)(A) ("A deposition must not be used against a party who, ***having received less than 14 days' notice of the deposition***, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken.") (emphasis added).

Eleven days' notice of the deposition to Dr. Beale is patently insufficient and a clear

4

violation of the local rules of the Court from which the Subpoena issued. *See VIXICOM, LLC v. Four Corners Direct, Inc.*, 8:16-CV-703-T-35JSS, 2016 WL 6246880, at *1 (M.D. Fla. Oct. 20, 2016) ("In the Middle District of Florida, a party desiring to take the deposition of any person upon oral examination must give at least fourteen days' written notice to the opposing party and any non-party deponent."); *see State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 6:06-CV-1757-ORL-GJK, 2008 WL 11342610, at *3 (M.D. Fla. Apr. 15, 2008) (quashing subpoena for deposition where plaintiffs failed to provide sufficient notice in accordance with Local Rule 3.02 to the non-party deponent). Accordingly, the Subpoena is defective and due be quashed on this basis alone. The Subpoena must also be quashed because it imposes an undue burden on Dr. Beale as he is currently overseas and unable to appear for the scheduled deposition in Houston, Texas.

Furthermore, Plaintiffs have unilaterally imposed expedited discovery deadlines on Dr. Beale in an effort to circumvent the Motion to Stay Pending *Inter Partes* Review filed by Defendant Veterinary Orthopedic Implants, Inc. ("VOI") in the Litigation ("Motion to Stay") on July 19, 2019 (4 days after filing the underlying Petitions for Inter Partes Review). A copy of the Motion to Stay is attached hereto as **Exhibit "C."** The Motion to Stay is currently pending before the issuing Court. Despite the deficiencies with the Subpoena and Dr. Beale's unavailability on the noticed deposition date, Plaintiffs refused to withdraw the Subpoena and later conditioned withdrawing the Subpoena on the production of documents in advance of the rescheduled deposition. Simply put, Plaintiffs are rushing headlong into expedited depositions in the face of a compelling Motion to Stay. The only explanation for Plaintiffs' unreasonable and unwavering position is to swiftly obtain the discovery before the Florida district court rules on the pending Motion to Stay, as an end run around that requested stay.

5

### III. REQUEST FOR RELIEF.

Dr. Beale respectfully requests that this Court enter an order quashing or modifying the Subpoena served by Plaintiffs, or alternatively, enter a protective order prohibiting the deposition from proceeding on the scheduled date.

Dated:  August 29, 2019

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ David Grant Crooks*
David Grant Crooks
State Bar No. 24028168
Email: dcrooks@foxrothschild.com
Andy Nikolopoulos
State Bar No. 24044852
Email: ANikolopoulos@foxrothschild.com
Two Lincoln Centre
5420 Lyndon B. Johnson Freeway,
Suite 1200
Dallas, TX  75240
Tel. (972) 991-0889/Fax (972) 404-0516

### CERTIFICATE OF CONFERENCE

I hereby certify that the movant has in good faith conferred or attempted to confer with counsel for the Plaintiffs in an effort to resolve this dispute without court action, but Plaintiffs have failed to withdraw the Subpoena at issue and set forth conditions that Dr. Beale cannot confirm he can meet on such a short deadline.  Accordingly, this motion is presented to the Court for resolution.

*/s/ David Grant Crooks*
David Grant Crooks

## **CERTIFICATE OF SERVICE**

I certify that in compliance with Fed. R. Civ. P. 5 I have served a true and correct copy of the foregoing document on all counsel of record via e-mail on this 29th day of August, 2019.

> */s/ David Grant Crooks*
> David Grant Crooks