# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| DePuy Synthes Products, Inc. et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   18-1342-HES-PDB |
| Veterinary Orthopedic Implants, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                      Brian Beale, DVM

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Regus - Texas Houston - Two Allen Center, Houston, TX or a mutually agreeable location | Date and Time: 08/30/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:  stenographic, videotape, audiotape

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        08/16/2019

*CLERK OF COURT*

OR

_____                    /s/ Andrew E. Krause
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
DePuy Synthes Products and DePuy Synthes Sales
_____ , who issues or requests this subpoena, are:

Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067, AKrause@irell.com 310-270-1010

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A

Civil Action No.    18-1342-HES-PDB

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                       _____
                                                            *Printed name and title*


                                                       _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>ATTACHMENT A</u>

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc. request that Brian Beale produce for examination, inspection, and copying the Documents and tangible things in the categories specified below.

## <u>DEFINITIONS</u>

1. The term "You" shall mean Brian Beale.

2. The term "VOI" shall mean Veterinary Orthopedic Implants, Inc., including, without limitation, any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with VOI, and persons purporting to act on VOI's behalf or on whose behalf VOI has acted or acts.

3. The term "Plaintiffs" or "Synthes" shall mean DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc. including, without limitation, any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with Plaintiffs.

4. The term "Asserted Patent" shall mean U.S. Patent No. 8,523,921.

5. The term "Tibial Leveling Procedure" shall mean surgical procedures designed to stabilize the stifle joint of an animal, including, but not limited to, tibial plateau leveling osteotomies ("TPLO") and CORA-based leveling osteotomies ("CBLO").

6. The term "Document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and includes every type of document or thing, in whatever form (including, but not limited to, electronically stored information) subject to Federal Rule of

Civil Procedure 34, which is in your possession, custody, or control or to which you have, have had, or can obtain access.

7.  The phrases "Referring to," "Relating to," "Regarding," and "Concerning" shall mean describing, depicting, summarizing, reflecting, constituting, containing, evidencing, discussing, analyzing, considering, or evaluating.

8.  The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production any information which might otherwise be construed to be outside their scope.

9.  The term "Communication" shall mean any of the following: (i) any written letter, memorandum, e-mail, or other such document; (ii) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; (iii) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal; and (iv) any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

## <u>INSTRUCTIONS</u>

1.  Enclosed with this Subpoena is the Protective Order that was entered by the Court in Case No. 18-1342 (M.D. Fla.).

2.  Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses, and words imparting the masculine include the feminine and vice versa.

3.  The Definitions apply regardless of capitalization.

4.     If any privilege or immunity from discovery is claimed with respect to any responsive Document, the production of which would otherwise be required by these requests for Documents, provide a privilege log identifying the document and privilege claimed.

5.     In producing the Documents requested herein, please produce them in their original file folders, if any, or in lieu thereof, attach to the set of Documents produced from a given file a photostatic or electrostatic duplicate of all written or printed material on the original file folder.  In addition, the Documents shall be produced in the same sequence as they are contained or found in the original file folder.  The integrity and internal sequence of the requested Documents within each file folder shall not be disturbed.  Under no circumstances shall Documents from any file folder be commingled with Documents from any other file folder.

6.     If a copy of a requested Document contains comments, markings, or notations not found on a prior or subsequent version, please consider the copy and any prior or subsequent versions as separate Documents and produce all of them.

7.     If requested Documents are known to have been destroyed, those Documents or class of Documents are to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all Persons to whom the requested Document was distributed, shown, or explained, date of destruction, Person authorizing destruction, and Persons destroying the Documents.

8.     For purposes of these requests, a Document is deemed to be in your possession, custody, or control if you or any of your agents, attorneys, representatives, or employees have actual physical possession of the Document or a copy thereof or if you have the right to secure the Document or a copy thereof from another Person having actual physical possession thereof.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**:

All communications with VOI and/or Patrick Gendreau regarding Synthes, or Synthes products, including Synthes products for Tibial Leveling Procedures.

**REQUEST NO. 2**:

All communications with VOI and/or Patrick Gendreau concerning the Asserted Patent or United States or International patents and applications related thereto.

**REQUEST NO. 3**:

All agreements, including any drafts of the same, between You and VOI.

**REQUEST NO. 4**:

All documents or communications relating to this litigation.

**REQUEST NO. 5**:

All documents or communications concerning the similarities and differences between VOI and Synthes products.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DEPUY SYNTHES PRODUCTS, INC.        Civil Action No. 3:18-cv-1342-J-20PDB
and DEPUY SYNTHES SALES, INC.,

      Plaintiffs,              **JURY TRIAL DEMANDED**

v.

VETERINARY ORTHOPEDIC
IMPLANTS, INC.,

      Defendant.

_____/

## [PROPOSED] PROTECTIVE ORDER

The Parties in the above referenced action seek entry of an Order under Federal Rule

of Civil Procedure 26(c), Middle District of Florida Local Rule 3.04, and other applicable

laws and rules to facilitate the orderly and efficient disclosure of relevant information, to

minimize the potential for unauthorized disclosure of Protected Material (defined below), and

to obtain other relief agreed to by the Parties and set out in this Order.

Therefore, the Parties having stipulated, **IT IS HEREBY ORDERED**, upon a

finding of good cause, that the following terms and conditions shall govern the disclosure

and use of Protected Material in this Action:

I.     **SCOPE**

1.     This Protective Order governs all Protected Material, including Confidential

Material and Highly Confidential Material—Attorney Eyes Only, designated pursuant to this

Order.

2.      "Confidential Material" means any hardcopy or electronic document, information, testimony (*i.e.*, depositions, declarations, or other pre-trial statements in this Proceeding), and all copies, data, extracts, compilations, summaries, reports, and information obtained, derived, or generated from such material that the party designating the material as confidential ("Designating Party") reasonably believes in good faith to constitute, contain, reveal, or reflect confidential research, development, commercial, or personal information relating to its business, or which was disclosed to it in confidence by any other person, the disclosure of which to the general public could adversely prejudice the Designating Party or its business.  This designation shall be made in good faith.

3.      "Highly Confidential Material—Attorney Eyes Only" means Protected Material that the Designating Party reasonably believes to contain highly confidential information, the disclosure of which is likely to provide a significant competitive or economic advantage to a competitor, including information relating to sensitive technical and competitive information, financial information and forecasts, products in development, and plans, strategies, and programs, including documents or things that relate to the following: (a) research and development, (b) future or pipeline products, (c) products that are neither embodiments of the '921 patent nor alleged to infringe the '921 patent, (d) unpublished pending patent prosecution (including applications), (e) customer, vendor, supplier, and sales representative names and identifying information, (f) test protocols of the accused products not required or requested to be performed by a government regulatory body, (g) individual unit pricing, (h) inventory levels, (i) plans regarding current and future marketing strategies and forecasts, (j) settlement agreements or settlement communications, and (k) current and

2

future competitive analyses.  This designation shall be made in good faith.  Collectively, the

terms "Confidential Material" and "Highly Confidential Material—Attorney Eyes Only"

shall be referred to herein as "Protected Material."

4.      This Order is binding upon all current and future Parties in this Action

(including their respective corporate parents, subsidiaries, affiliates, successors, and attorneys

and all other representatives or agents), their counsel, and all signatories to Exhibit A, the

Non-Disclosure Agreement (deemed to be part of this Order), and all other persons or entities

authorized under this Order or any other Order of this Court to receive or view Protected

Material.

5.      The entry of this Order does not preclude any Party in this Action from

seeking further order of this Court, including modification of this Order, or from objecting to

discovery that the Party believes to be improper.

6.      Nothing herein shall be construed as an admission or concession by a

Designating Party that any Protected Material constitutes relevant, material, or admissible

evidence in this matter.

## II.      DESIGNATION OF PROTECTED MATERIAL; FAILURE TO MAKE DESIGNATIONS

### A.      Documents Produced in Image, PDF, or Hardcopy Form ("Image")

7.      The Designating Party shall place on each page the following legend:

CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL—

ATTORNEY EYES ONLY, SUBJECT TO PROTECTIVE ORDER, as applicable.  The

legend shall not obscure any content of the original document.  Any person making a copy of

the image, if authorized under this Order, shall ensure that the same legend shows on the copy.

### B.   Documents Produced in Native Format ("native file")

8.      A Designating Party shall rename each native file to include, at the end of the file name and prior to the file extension, the following language: CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY, as applicable.  Any person making any copy of the native file, if authorized under this Order, shall not rename the file.

### C.   Deposition Testimony and Exhibits

9.      The Parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  With respect to deposition testimony, such testimony will be treated as Protected Material, regardless of whether it is designated as such during the deposition, up to and until thirty (30) days after the party or non-party receives the transcript of the deposition.  Any party or non-party may, within thirty (30) days after receiving the transcript of a deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Protected Material pursuant to this Stipulated Protective Order.  If a party or non-party desires to protect Protected Material at trial, the issue should be addressed during the pre-trial conference.

10.      Protected Material designated before or at a deposition shall not be shown to a witness who is not a Qualified Person as described below, and persons attending the deposition who are not Qualified Persons may be excluded from the portions of the deposition during which Protected Material is disclosed.

D.     **Pleadings, Motion Papers, and Written Discovery Papers**

11.     Unless otherwise ordered by the Court or agreed to in writing by the Disclosing Party, any pleadings, motion papers (written motions, affidavits, briefs, memoranda of law, exhibits), discovery requests or responses, transcripts, or other papers filed in Court in this Action that contain or refer to any Confidential Material or Highly Confidential Material—Attorney Eyes Only shall be filed under seal or with redactions, as appropriate, pursuant to Middle District of Florida Local Rule 1.09.  Any such pleadings, motion papers (written motions, affidavits, briefs, memoranda of law, exhibits), discovery requests or responses, transcripts, or other papers shall bear the legend on each page of such filing stating "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY, SUBJECT TO PROTECTIVE ORDER."

12.     The Parties recognize that Middle District of Florida Local Rule 1.09 does not permit the filing of any material proposed for sealing unless the Court has granted a motion for leave to seal and that, consequently, a party may not be able to comply with the deadlines for filing responsive memoranda, etc. under Middle District of Florida Local Rule 3.01(b) while motion practice under Rule 1.09 is underway.  The Parties therefore agree that they will stipulate to such reasonable requests for extensions of time to comply with Rule 3.01(b) as may be necessary to fully comply with Rule 1.09.

13.     This Order shall not prevent the Parties from listing any material designated as Confidential Material or Highly Confidential Material—Attorney Eyes Only in the Pretrial Order or other lists of exhibits to be filed with the Court prior to trial.

14.     The terms of this Order shall govern in all circumstances except for presentations of evidence and argument at hearings and at trial.  The Parties to such proceedings shall meet and confer in advance of such proceedings and seek guidance of the Court as to appropriate procedures to govern such proceedings.

E.     **Other Protected Material**

15.     If feasible, for Protected Material in a form not addressed above (e.g., DVDs, portable hard drives, or other tangible items), the Designating Party shall affix in a prominent place on the exterior of the items the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, PRODUCED BY [PARTY NAME] IN 3:18-CV-01342 (M.D. FLA.)" or "HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY, SUBJECT TO PROTECTIVE ORDER, PRODUCED BY [PARTY NAME] IN 3:18-CV-01342 (M.D. FLA.)."  If feasible, the legend shall identify the portions constituting Protected Material.

F.     **Protected Material Disclosed by a Non-Party**

16.     Third parties producing Materials in the course of this Action may also designate such Materials as "Confidential Material" or "Highly Confidential Material— Attorney Eyes Only" subject to the same protections and constraints as the parties to the Action.  A copy of this Protective Order shall be served along with any subpoena served in connection with this Action.  To the extent any Materials produced by such third parties include potentially Protected Material belonging to a Party to this Action, all such Materials produced by such third parties shall be treated as "Highly Confidential Material—Attorney Eyes Only" for a period of thirty (30) calendar days from the date of their production to any party in this Action—regardless of the designation on those Materials by the third party—so

that the Parties have sufficient time to review the material to determine whether to assert that the Materials contain Protected Materials of any party.

G.   **Failure to Designate Protected Material and Disclosure of Protected Material Without Confidentiality Designation**

17.   Disclosure of Protected Material without the required confidentiality designation shall not be a waiver in whole or in part of the Disclosing Party's claim of confidentiality, either as to the specific Protected Material disclosed or as to the same or related subject matter.  This paragraph and its subparts shall be interpreted to provide the maximum confidentiality protection allowed under applicable law.

18.   After discovering a failure to make a confidentiality designation, the Disclosing Party may give written notice that the material is Protected Material.  Receiving Parties then shall treat the material as confidential until the parties agree otherwise, or the Court resolves the issue.  The Disclosing Party may reproduce the material with the appropriate confidentiality legend, and each Receiving Party then shall, to the extent feasible, return or destroy all copies of the identified material, including that held by persons to whom the Receiving Party distributed the material.

III.   **REQUIRED HANDLING OF PROTECTED MATERIAL**

19.   Protected Material shall not be disclosed to anyone for any purpose other than as required for the preparation of pretrial proceedings or trial in this Action, or any appeal in this Action, and, in that limited context, shall be disclosed only to Qualified Persons as set out below.  Protected Material shall not be used for any business, competitive or other non-litigation purpose.

20.     Protected Material in native format may be copied solely (a) for use in a litigation-support application or (b) for use as an exhibit in any proceeding in this Action so long as the native file is printed as a hardcopy (*i.e.*, paper copy) with the original production number of the native file, full confidentiality designation under this Protective Order, and the text "file produced natively" in the margin of each page.

21.     Each Party and its outside counsel, and each Qualified Person identified in Sections IV and V below entitled "Qualified Persons with Respect to Confidential Material" and "Qualified Persons with Respect to Highly Confidential Material – Attorney Eyes Only" (other than the Court), including any person or entity acting on behalf of, or for the benefit of, that Qualified Person, (i) shall not permit or enable unauthorized dissemination of Protected Material to anyone; (ii) shall take all necessary and prudent measures to preserve the security of Protected Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Protected Material is stored or through which it is transmitted; and (iii) shall not store, maintain, or transmit Protected Material outside of the United States, except that nothing herein will prevent each party, outside counsel, or Qualified Persons from accessing, emailing, transmitting, or transporting Protected Material stored or maintained in the United States while traveling outside of the United States.

22.     If Protected Material is disclosed in a manner not authorized by this Order, or if an attempt is made to hack or otherwise gain unauthorized access to a system containing Protected Material (jointly, "unauthorized actions"), each Party or Qualified Person with knowledge of the unauthorized actions immediately shall take necessary and prudent remedial measures to prevent their reoccurrence and promptly shall inform the Designating

Party of such remedial measures and of all non-privileged facts relating to the unauthorized actions, including identification of all Protected Material disclosed.

23.    Nothing in this Order shall limit any Designating Party's use of its own documents, including disclosure of its own Protected Material to any person for any purpose.

## IV.    QUALIFIED PERSONS WITH RESPECT TO CONFIDENTIAL MATERIAL

24.    Subject to Section III above, Confidential Material (as distinct from Highly Confidential Material—Attorney Eyes Only, covered in Section V below) may be disclosed only to the following Qualified Persons:

    a.    No more than two (2) DePuy Synthes's in-house counsel (identified here as Lynn Malinoski and Heather Brady), and no more than two (2) of VOI's decision-making executives (identified here as Patrick Gendreau and Mark Shuman), who are directly involved in or assisting in this Action, and solely to the extent necessary to carry out duties related to this Action, and who have affirmed in a writing served on the opposing Party that they will not use the Confidential Material they review for any purpose other than, in the case of DePuy Synthes's in-house counsel, providing advice to Plaintiffs regarding this Action or, in the case of VOI's decision-making executives, managing this Action, providing advice to VOI's Board of Directors regarding this Action, or seeking advice from outside counsel regarding this Action;

b.  The Parties' outside counsel, including outside counsel's partners,

employees, and agents (*e.g.*, outside copy services, litigation-support

services, and stenographers) retained in the Action;

c.  Consultants (*i.e.*, experts or professionals whom outside counsel has

retained to provide professional advice or services to assist in preparation

for the trial of the Action, whether or not designated as a testifying expert),

but only if (1) the Consultant has first signed a copy of Exhibit A (subject

to the additional conditions and procedures set forth below in subsection

IV.24.c.i), (2) the Consultant is not a Party, Party employee, or a

Competitor of the Designating Party, and (3) Outside Counsel for the

Party retaining the Consultant, after duly diligent inquiry, does not know

of any instance in which the Consultant has been found to be in violation

of the terms of a protective order in any legal proceeding.  As used in this

Order, "Competitor" means any manufacturer of, or any entity involved in

the design or sale of plates used in tibial plateau leveling osteotomy

procedures and any person who, upon reasonable and good faith inquiry,

could be determined to be a full-time employee of any designer or

manufacturer of, or any entity involved in the sale of, plates used in tibial

plateau leveling osteotomy procedures.

i.  Each Consultant appropriately designated in accordance with

this paragraph to receive "Confidential" or "Highly

Confidential - Attorney Eyes Only" information, shall execute

a "Non-Disclosure Agreement" (Exhibit A), a copy of which shall be provided by counsel of record for the Receiving Party to all other counsel of record for all parties at least seven (7) calendar days before it first discloses such information to any such person. Such notice shall provide an up-to-date copy of the consultant's or expert's curriculum vitae, including (if applicable and feasible) a list of all of the expert or consultant's engagements and employment and consulting history for the preceding four (4) year period, including for each, the name and location of the person or entity who retained the expert or consultant, and for litigation-related engagements, the caption and jurisdiction for each case. The expert or consultant must also provide a description of the expert or consultant's past or present relationship, if any, with any of the parties to this Action.  If the Producing Party (i.e., in the context of this paragraph IV.24.c.i., the party who produced Protected Material to the opposing party who is disclosing the consultant) objects in writing and provides a good faith basis for its objection to such disclosure within seven (7) calendar days, no disclosure shall be made until the Producing Party withdraws its objections or the Court overrules the objection. Such objection must be in good faith and sufficiently detailed for the

Court to rule on the objection (e.g., blanket objections are not permitted). If the Producing Party does not object within seven (7) calendar days, the Producing Party is deemed to consent to the proposed disclosure. The Producing Party will bear the burden of demonstrating that the proposed disclosure is not justified. Should the parties be unable to resolve the objection, the Producing Party has the burden of raising the issue with the Court within seven (7) calendar days of the initial objection. If the Producing Party does not raise the issues with the Court within seven (7) calendar days of the initial objection, the Producing Party is deemed to consent to the proposed disclosure. If the objection to a disclosure or delay associated with resolving the objection impedes a party from meeting any of the deadlines set by the Court related to the timing of discovery, and the party informs the objecting party of the fact, then the parties agree to work together in good faith to request adjustment of any such deadline.

d.  A witness at a deposition, pre-trial hearing, or trial, whose employer or former employer produced the information or who is a party who had previously seen the Confidential Material in question.  This provision does not preclude the Designating Party from objecting to or moving to

12

preclude disclosure to any witness, or from seeking amendment of this provision in the future;

e.  A person identified in the Confidential Material as an author, source, addressee, recipient, or copyee of the material or who a Party has good faith reason to believe already has an authorized copy of it;

f.  Any other person mutually agreed upon among the Parties, but only if that person has signed a copy of Exhibit A;

g.  Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them, if they have signed a copy of Exhibit A; and

h.  The Court or any Court personnel, including any court reporters.

## V.   QUALIFIED PERSONS WITH RESPECT TO HIGHLY CONFIDENTIAL MATERIAL – ATTORNEY EYES ONLY

25.   Subject to Section III above, Protected Material including Highly Confidential Material—Attorney Eyes Only may be disclosed only to the following Qualified Persons:

a.  Outside Counsel of record in this Action, including outside counsel's partners, employees, and agents (e.g., outside copy services, litigation-support services, and stenographers) retained in the Action;

b.  No more than one (1) in-house litigation attorney or in-house legal personnel for each Party whose responsibilities include the supervision of this Action and do not include competitive decisionmaking or prosecution of patent applications (identified here for Plaintiffs as

Denise DeFranco), provided that the identified person has

affirmed in a writing served on the opposing Party that he or she will not

use any Protected Material, including Highly Confidential Material –

Attorney Eyes Only information, for any purpose other than to provide

advice to his or her employer regarding this Action.  This provision also

covers paralegal, secretarial, or clerical employees who work regularly

with the identified person, provided that the access of these employees to

Protected Material is limited to providing support for the identified

person.

c.   The Qualified Persons described in Section IV, paragraph 24, subsections
     c through h above.

## VI.   CHALLENGES TO DESIGNATIONS

26.   If a Party challenges a designation, the challenged material shall be treated as

Protected Material until the Parties agree otherwise in writing or this Court issues an order

that the material is not confidential.

27.   To challenge confidentiality designations, a Party shall identify in writing the

specific Protected Material (by Bates number, if possible) to which each challenge pertains,

and the specific bases for each challenge.  After receiving the challenges, the Designating

Party shall have 30 days to state in writing whether the designations will be maintained or

withdrawn.  If the requested change in designation is not agreed to after meeting and

conferring, the Party challenging the designation may move for appropriate relief.  The party

asserting that the material is "Confidential Material" or "Highly Confidential Material—

Attorney Eyes Only" shall have the burden of proving that the information in question is

within the scope of protection afforded such information under this Protective Order.

### VII.     USE OF PROTECTED MATERIAL IN COURT PROCEEDINGS PRIOR TO TRIAL

28.     No Party may file with the Court Protected Material of any other Party except

when required for motions or other pending matters in the Action.

### VIII.    ORDERS, SUBPOENAS, OR REQUESTS FROM NON-PARTIES

29.     If a person or entity serves a Party in this Action with a request, subpoena, or

order ("demand") for disclosure of Protected Material of a Designating Party, the Party

receiving the demand, if not prohibited under applicable law and within 48 hours of receipt,

shall deliver a copy of the demand to the Designating Party's outside counsel.  In its sole

discretion and at its own cost, the Designating Party may oppose or seek to limit the demand

in any legal manner.  If the Designating Party opposes or seeks to limit the demand, the Party

receiving the demand shall not disclose any Protected Material unless the Designating Party

consents in writing or the Party receiving the demand is ordered to disclose the Protected

Material by a court of competent jurisdiction.  The Party who received the demand shall not

oppose or otherwise interfere with the Designating Party's actions.

### IX.     REDACTIONS

30.     Prior to any discovery-related disclosure or production, the Party producing

the material may redact information or material that is protected from disclosure by

applicable privilege or immunity (*see* Exhibit B of this Order), that is governed by any

applicable privacy law or regulation, that contains commercially sensitive or proprietary non-

responsive information, or that any Order entered in this Action allows to be redacted.  The

Party producing the material also may withhold entire non-responsive attachments in a

document family and may produce slipsheets in their place.

31.     The terms of Section II.G above (Protected Material) and of Exhibit B,

Section III (privileged information) shall apply to any unintentional failure to redact

information.

A.     **Methods of Redaction.**

32.     Each redaction in a TIFF-image shall be indicated clearly on the image as

being based on "Privilege" or "Other."

33.     For native files requiring redaction, redacted text shall be replaced with the

terms "Privilege" or "Other," and the Producing Party shall produce the redacted file either in

native format or in an authorized TIFF-image format.

34.     For metadata fields requiring redaction, field content shall be replaced by the

term "Redacted," and the modified field shall be included in any required .dat file.

X.     **DISPOSITION OF PROTECTED MATERIAL**

35.     After final disposition of any appeals or after the time for filing any appeal has

passed, each Party in the Action promptly, but no later than 60 days after final disposition,

shall return to the Designating Party its Protected Material (including on any litigation-

support application or in the possession, custody, or control of any person to whom the Party

distributed Protected Material), shall destroy it, or otherwise shall comply with an applicable

order of the Court.  Within 30 days of any such action, the Party shall certify in writing to the

Designating Party that the required return or destruction has been completed.

36.     As exceptions to the above requirements,

a.     Outside Counsel may retain Protected Material in copies of pleadings,

motions, or other court-filed papers, in official transcripts and exhibits thereto, and in

attorney work product, including outside counsels' email and document management systems.

Outside Counsel shall continue to treat all such materials as Protected Material pursuant to

the requirements of this Order.

b.     Protected Material stored on backup storage media is sequestered.  If

such data is restored from backup media, the Receiving Party or its agent must promptly

return or destroy the restored Protected Material and provide the certification required in ¶ 35

above.

c.     This Order shall continue to apply to any such materials retained by

outside counsel.

## XI.     ORDER SURVIVES TERMINATION OF ACTION

37.     This Order constitutes an enforceable agreement between the Parties, their

agents, and their attorneys and shall be binding after termination of this Action.  To enforce

this Order, the Court shall retain jurisdiction over any person or entity in receipt of Protected

Material.

Dated this 7th day of February 2019.

GRAYROBINSON P.A.

By: /s/  R. Troy Smith
R. Troy Smith

Florida Bar No. 485519
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
Phone: (904) 598-9929
Fax No.: (904) 598-9109
troy.smith@gray-robinson.com
maria.daniels@gray-robinson.com

Matthew J. Becker (admitted *pro hac vice*)
Connecticut Bar No. 404528
Edward M. Mathias (admitted *pro hac vice*)
Connecticut Bar No. 429782
Rebecca L. Clegg (admitted *pro hac vice*)
Connecticut Bar No. 437155
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Fax: (860) 275-8101
mbecker@axinn.com
tmathias@axinn.com
rclegg@axinn.com

***Attorneys for Plaintiffs DePuy Synthes
Products, Inc. and DePuy Synthes Sales, Inc.***

FOX ROTHSCHILD, LLP
777 S. Flagler Drive
Suite 1700 – West Tower
West Palm Beach, FL 33401
Tel: (561) 835-9600
Fax: (561) 835-9602

By: /s/  *Megan A McNamara*
Megan A. McNamara
Florida Bar No. 112636
Email: mmcnamara@foxrothschild.com

-AND-

By: /s/  *Jeff E. Schwartz*
Jeff E. Schwartz (*pro hac vice*) (Trial Counsel)
District of Columbia Bar No. 442804

18

Austen C. Endersby (*pro hac vice*)
District of Columbia Bar No. 230747
FOX ROTHSCHILD LLP
1030 15th St. NW, Suite 380 East
Washington, DC 20005
Tel: (202) 461-3118
Email: jeschwartz@foxrothschild.com
      aendersby@foxrothschild.com

James E. Doroshow (*pro hac vice*)
California Bar No. 112920
Ashe P. Puri (*pro hac vice*)
California Bar No. 297814
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Email: jdoroshow@foxrothschild.com
      apuri@foxrothschild.com

***Attorneys for Defendant***
***Veterinary Orthopedic Implants, Inc.***

**DONE AND ENTERED** at Jacksonville, Florida, this 15th day of May 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEPUY SYNTHES PRODUCTS, INC.
and DEPUY SYNTHES SALES, INC.,

      Plaintiffs,

v.

VETERINARY ORTHOPEDIC
IMPLANTS, INC.,

      Defendant.

_____/

Civil Action No. 3:18-cv-1342-J-
20PDB

**JURY TRIAL DEMANDED**

**EXHIBIT A**
**NON-DISCLOSURE AGREEMENT**

I hereby attest that I understand that information or documents designated as

Protected Material are provided to me subject to the Order dated _____, 2019

(the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy

of and have read the Order; and that I agree to be bound by its terms.  I also understand that

my signature below indicates my agreement to be bound by the Order and is a prerequisite to

my review of any information or documents designated as Protected Material pursuant to the

Order.

I certify that I am not a Party, Party employee, or "Competitor", as defined in the

Order.

I further agree that I shall not use Protected Material for any purpose other than as

authorized in the Order and that, except as explicitly authorized in the Order, I shall not

disclose Protected Material, in any form whatsoever, to others.

1

I further agree to return or destroy Protected Material in my possession, custody, or control in the manner and time specified by the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Protected Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order.  I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.


Date:  _____

By:  _____

## EXHIBIT B – PRIVILEGED INFORMATION

This Exhibit shall be deemed to be incorporated in the Protective Order as if set forth there in full.

### I.      GENERAL PRINCIPLES

1.      A party may withhold from production information or documents on the grounds of attorney-client privilege, physician-patient privilege, work product protection, or any other applicable privilege or protection under law or regulation ("Privileged Information").

### II.     SPECIFIC PRIVILEGE LOG PROTOCOLS

2.      No Party shall be required to list on a privilege log privileged or work-product documents prepared for the prosecution or defense of this Action or constituting or disclosing communications within clients or between clients and their counsel related to this Action.

### III.    DISCLOSED PRIVILEGED INFORMATION

3.      The Parties have agreed that, in this lawsuit, they do not intend to disclose Privileged Information, except as may otherwise be disclosed pursuant to the relevant Scheduling Order or other Orders in this Action.  Pursuant to Federal Rule of Evidence 502(d) and 28 U.S. Code § 1738, any disclosure of Privileged Information ("Disclosed Privileged Information") shall not constitute in this or any other Action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information and its subject matter.

4.     Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

5.     Any party receiving materials that reasonably appear to be Privileged Information shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to request return of the materials.

6.     If a Disclosing Party notifies the Receiving Party that Privileged Information has been disclosed,

    a.     the Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Disclosed Privileged Information, unless the Parties agree, or the Court orders, otherwise;

    b.     the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Disclosed Privileged Information that such information is subject to this Order and may not be copied, distributed, or otherwise used; and

    c.     the Receiving Party and all persons notified as set out in the preceding subparagraph shall, within ten (10) court days,

        i.     return, destroy, or delete all Disclosed Privileged Information and all notes or other work product revealing its content in the possession, custody, or control of the Receiving Party, its

attorneys, or any person to whom the Party provided the

Disclosed Privileged Information, and

ii.  provide a certification of counsel that all Disclosed Privileged

Information has been returned, destroyed, or deleted.

7.   To contest the claim of attorney-client privilege or work product protection, the Receiving Party may—within ten (10) business days of receipt of the notice of disclosure—move the Court for an Order compelling production of the contested material ("Disclosure Motion").

a.   The Disclosing Party shall retain the burden of establishing its privilege or work product claims.

b.   The motion shall be filed or lodged conditionally under seal; any Disclosed Privileged Information attached to or disclosed in the motion shall be deemed submitted solely for the Court's in camera review.

c.   The motion shall not assert as a ground for entry of such an Order the fact or circumstances of the production of Disclosed Privileged Information.

d.   Pending resolution of the motion, the Receiving Party must not use the contested information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

8.      **Rule 502.**   Disclosed Privileged Information shall receive the maximum

protection afforded by Federal Rule of Evidence ("FRE") 502(d).  Under FRE 502(d) and 28

U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other

state and federal proceedings.  Any subsequent conflict of law analysis shall apply the law

most protective of privilege and work product.